**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **MICHAEL E. PENN, as Special Administrator of the Estate of THERESA A. PENN, deceased, and as MICHAEL E. PENN, individually and as representative heir-at-law of THERESA A. PENN, deceased,** | )<br>)<br>)<br>)<br>)<br>)<br>) |
| **Plaintiff,** | )<br>) |
| v. | ) Case No. 11-1243-MLB |
| **SALINA REGIONAL HEALTH CENTER,** | )<br>)<br>) |
| **Defendant,** | )<br>) |

## **MEMORANDUM AND ORDER**

This matter is before the court plaintiff's motion to stay ruling (Doc. 16) and motion for leave to amend the complaint (Doc. 20). For the reasons set forth below, the motion to stay is MOOT and the motion for leave to amend is GRANTED.

### **Background**

Highly summarized, plaintiff alleges Theresa Penn, age 45, experienced chest pain and other heart attack related symptoms during the early afternoon hours of January 14, 2011. She was taken to her primary care physician, Dr. Kelly Yoxall, at a clinic in her

hometown of Minneapolis, Kansas for treatment.[1]  Dr. Yoxall conducted several tests and concluded Theresa had likely suffered a heart attack and decided to send her to a facility with better resources for dealing with heart related emergencies.  Dr. Yoxall contacted the Salina Regional Health Center (SRHC) and requested permission to transfer Theresa to the Salina hospital.  The on-call cardiologist, Dr. Kauer, refused the transfer request.  Dr. Yoxall then contacted a cardiologist at a Wichita hospital who agreed to accept Theresa.  The Wichita hospital was 85 miles further away from the clinic than SRHC and Theresa "coded" during the trip.  Although emergency surgery was performed at the Wichita hospital, Theresa died shortly after midnight on January 15, 2011.  Plaintiff alleges that SRHC's refusal to accept the transfer of Theresa was a violation of the Emergency Medical Treatment and Active Labor Act ("EMTALA"), 42 U.S.C. § 1395dd.

## Plaintiff's Motion to Stay (Doc. 16)

Plaintiff requests a stay of any consideration of defendant's motion to dismiss pending his filing of an amended complaint.  Because plaintiff has filed his motion for leave to amend, his request to stay consideration of defendant's motion is MOOT.

## Plaintiff's Motion for Leave to Amend (Doc. 20)

---

[1] The "clinic" housing Dr. Yoxall's office is apparently a half-mile from the county owned hospital.  The fact that Theresa presented herself for treatment at her doctor's local office rather than the hospital is the basis for defendant's motion to dismiss.  Defendant contends that the EMTALA rules and regulations do not apply to treatment and transfers from a physician's office.

Plaintiff moves for leave to amend his complaint to add state law claims against Dr. Kauer and SRHC. SRHC opposes the motion, arguing that adding the state law claims is a futile gesture because the state law claims will not survive a motion to dismiss.[2]

The standard for permitting a party to amend its pleading is well established. Without an opposing party's consent, a party may amend its pleading only by leave of the court. Fed. R. Civ. P. 15(a).[3] Although such leave to amend "shall be freely given when justice so requires," whether to grant leave is within the court's discretion. Panis v. Mission Hills Bank, 60 F.3d 1486, 1494 (10th Cir. 1995)(citing Woolsey v. Marion Labs., Inc., 934 F. 2d 1452, 1462 (10th Cir. 1991)). In exercising its discretion, the court must be "mindful of the spirit of the federal rules of civil procedure to encourage decisions on the merits rather than on mere technicalities." Koch v. Koch Industries, 127 F.R.D. 206, 209 (D. Kan. 1989). The court considers a number of factors in deciding whether to allow an amendment, including

---

[2] Defendant also argues that its pending motion to dismiss is "dispositive of the issue of jurisdiction" because the EMTALA claim will be dismissed. However, defendant's motion to dismiss has not been resolved as of this date; therefore, defendant's argument concerning a lack of federal question jurisdiction is premature. In a related context, plaintiff contends that an amendment adding the state law claims is necessary to avoid potential problems with res judicata and collateral estoppel doctrines if the state law claims are subsequently filed in state court. See Stanfield v. Osborne Industries, Inc., 263 Kan. 388 (1997) and Rhoten v. Dickson, 290 Kan. 92 (2010)(discussing claim and issue preclusion when federal court declines to exercise supplemental jurisdiction over state law claims). Claim and issue preclusion doctrines raise complex questions which the parties have not fully addressed in their briefs; thus, the court declines to express any opinion concerning the doctrines in this opinion.

[3] A party may amend its pleading once as a matter of course before a responsive pleading is filed. The time for amending "as a matter of course" is long past.

timeliness, prejudice to the other party, bad faith, and futility of amendment. Hom v. Squire, 81 F.3d 969, 973 (10th Cir. 1996). The objections to the proposed amendments are discussed in greater detail below.

The motion to amend is timely because discovery has not commenced and there is no evidence of prejudice or bad faith. SRHC contends that the state law claims against it are futile because Dr. Kauer "was not employed by or an agent of Salina Regional Health Center;" therefore, SRHC cannot be held vicariously liable for the acts of the doctor. Plaintiff counters that Dr. Kauer was the "on-call" cardiologist during the relevant time period and it is premature to conclude that Dr. Kauer did not act as a agent for the hospital. SRHC also argues that the proposed claims against Dr. Kauer are futile because the claims against him are "based upon his inaction or failure to act in his professional capacity as a physician." Because Dr. Kauer never entered into a doctor-patient relationship with Theresa, defendant argues Dr. Kauer cannot be liable for medical negligence. Plaintiff counters that several of its claims are based on Dr. Kauer's failure to comply with duties created by SRHC's policies and procedures rather than his professional standards. For example, plaintiff contends that Dr. Kauer engaged in negligent misrepresentation when advising Dr. Yoxall that there was no room for Theresa in SRHC's intensive care unit.

SRHC presents serious legal challenges to plaintiff's state law claims; however, plaintiff also asserts novel legal theories. After considering the authorities cited by the parties, the court finds that SRHC has not carried its burden of showing that the proposed amended claims are "futile" in the context of a motion to amend. This ruling is without prejudice to legal theories on which the parties may rely and the parties can revisit their

respective arguments later in a fully developed dispositive motion.

**IT IS THEREFORE ORDERED** that plaintiff's motion **(Doc. 16)** to stay the ruling on defendant's motion to dismiss is MOOT.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to amend **(Doc. 20)** is **GRANTED** and plaintiff shall file and serve his amended complaint on or before **February 14, 2012.  Discovery is stayed in this case pending further order of the court.**

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 7th day of February 2012.

S/ Karen M. Humphreys
_____
KAREN M. HUMPHREYS
United States Magistrate Judge